UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| HEALTHMATE INTERNATIONAL, LLC, ) | | |
| a Missouri limited liability company, and ) | | |
| ERISONIC INNOVATION TECHNOLOGY, LLC, ) | | |
| a Missouri limited liability company, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | Case No. 4:15-cv-789 | |
| ) | | |
| JUSTIN CZAR, ) | | |
| an individual, ) | | |
| TENS UNIT ZAR, ) | | |
| a New Mexico limited liability company ) | | |
| and SEARS BRANDS, LLC, ) | | |
| an Illinois limited liability company, ) | | |
| ) | | |
| Defendants. ) | | |

## COMPLAINT

COMES NOW Healthmate International, LLC ("Healthmate") and Erisonic Innovation Technology, LLC ("Erisonic"), collectively Plaintiffs, and for their causes of action alleges as follows:

1. This is an action for copyright infringement in violation of the Copyright Act 17 U.S.C. § 101 *et seq.* and the Lanham Act 15 U.S.C. § 1114 *et seq.*

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Healthmate is a limited liability company organized and existing under the laws of the State of Missouri having a principle place of business at 709 East 97th Street, Kansas City, Missouri 64131. Healthmate possesses all rights, title and interest in its copyrights, including the right to sue for infringement.

3. Plaintiff Erisonic is a limited liability company organized and existing under the laws of the State of Missouri having a principle place of business at 11901 Summit Street, Kansas City, Missouri 64145. Erisonic possess all rights, title and interest in its copyrights, including the right to sue for infringement.

4. Upon information and belief, Defendant Justin Czar is an individual residing at 611 Highway 165, Placitas, New Mexico 87043.

5. Upon information and belief, Defendant Tens Unit Zar ("TUZ") is a limited liability company organized and existing under the laws of the State of New Mexico with a principal place of business at 611 Highway 165, Placitas, New Mexico 87043.

6. Upon information and belief, Sears Brands, LLC is an Illinois limited liability company with a principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

7. This is an action arising under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*; Section 32(1) of the Federal Trademark (Lanham) Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); common law trademark infringement; and common law unfair competition.

8. Plaintiffs seek preliminary and permanent injunctive relief; an accounting and award of Defendants' profits; compensatory, treble, and/or statutory damages; an award of costs and attorneys' fees; and such other and further relief as the Court deems just and proper.

9. Jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as on information and belief, Defendants have regularly conducted business in this judicial district and have committed, and are continuing to commit, acts of copyright infringement, trademark infringement, counterfeiting and unfair competition by advertising, importing, selling, or offering to sell its counterfeit goods in this judicial district.

11. Nationwide injunctive relief is authorized by 17 U.S.C. § 502(a).

## GENERAL ALLEGATIONS

12. Healthmate is the owner of federal trademark Registration Nos. 4,035,888 and 4,125,384, for electronic massage apparatus. Exhibits A and B.

**HealthmateForever**



Registration No. 4,035,888                Registration No. 4,125,384

13. On October 9, 2013 the U. S. Copyright Office issued certificate of registration Reg. No. VA 1-878-383 titled "Twelve-Mode Stimulator" to Healthmate for the work shown on the right. The registration certificate is attached as Exhibit C.



14. On October 9, 2013 the U. S. Copyright Office issued certificate of registration Reg. No. VAu 1-145-453 titled "Twelve-Mode Stimulator" to Healthmate for the work shown on the right. The registration certificate is attached as Exhibit D.



15. On October 9, 2013 the U. S. Copyright Office issued certificate of registration Reg. No. VAu 1-145-455 titled "Ten Mode Stimulator," to Healthmate for the work shown on the right. The registration certificate is attached as Exhibit E.



16. On December 23, 2014 the U. S. Copyright Office issued certificate of registration Reg. No. VA 1-942-451 titled "TENS screens," to Erisonic for the works shown below. The registration certificate is attached as Exhibit F.

  





17. The Copyrighted Designs depict graphical displays for various transcutaneous electrical nerve simulation devices, also commonly referred to as TENS massagers.

18. Healthmate markets its products and products on behalf of Erisonic on Amazon® and through its website, www.healthmateforever.com. Examples of screen shots from the Healthmate website are attached as Exhibit G.

19. Defendants sell electronic stimulator devices, TENS massagers, and other related products.

20. Defendant TUZ markets and sells counterfeit Healthmate devices on its website, www.tensunitzar.com, copying the layout and look of the Healthmate website to

deceive its customers into believing that its counterfeit devices are genuine Healthmate devices. Examples of screen shots from the TUZ website are attached as Exhibit H.

21. Defendant Sears markets and sells counterfeit Healthmate devices on its website, www.sears.com. Examples of screen shots from the Sears website are attached as Exhibit I.

22. On December 20, 2014, Healthmate put Defendants TUZ and CZAR on notice, demanding that they cease and desist importing and selling counterfeit Healthmate devices.

23. Defendants TUZ and CZAR have refused to cease sales of counterfeit Healthmate devices.

24. On September 22, 2015, Healthmate put Defendant Sears on notice, demanding that they cease and desist selling counterfeit Healthmate devices.

25. Defendant Sears has refused to cease sales of counterfeit Healthmate devices.

26. On information and belief, without a license, Defendants are reproducing and distributing copies of the Copyrighted Designs and preparing derivative works based on the Copyrighted Designs.

## COUNT I – COPYRIGHT INFRINGEMENT REG. NO. VA 1-878-383

27. Healthmate repeats and incorporates the allegations contained in the preceding paragraphs.

28. Healthmate is the sole owner of all right, title and interest in and to the VA 1-878-383 Copyrighted Design ("Twelve-Mode Stimulator").

29. Defendants are not authorized to reproduce, advertise, distribute, sell, exhibit or otherwise use the Twelve-Mode Stimulator Copyrighted Design.

30. On information and belief, Defendants have copied and prepared derivative works based upon Healthmate's Twelve-Mode Stimulator Copyrighted Design, and have used the Twelve-Mode Stimulator Copyrighted Design and/or derivative works in its products.

31. On information and belief, Defendants have sold, offered for sale and/or distributed copies of the Twelve-Mode Stimulator Copyrighted Design as well as derivative works based upon the Twelve-Mode Stimulator Copyrighted Design.

32. Defendants' conduct has infringed on Healthmate's rights in the Twelve-Mode Stimulator Copyrighted Design.

33. Defendants' acts are willful, intentional and wanton acts of infringement.

34. Unless enjoined by order of this Court, Defendants will continue to infringe the Twelve-Mode Stimulator Copyrighted Design irreparably harming Healthmate. Healthmate is without an adequate remedy at law. Healthmate is entitled to injunctive relief restraining Defendants from engaging in further acts of copyright infringement.

35. By reason of Defendants' aforesaid infringement of the Twelve-Mode Stimulator Copyrighted Design, Healthmate has sustained and will continue to sustain substantial damages.

36. Healthmate is further entitled to recover from Defendants the damages sustained by Healthmate as a result of Defendants' acts of copyright infringement as herein alleged. Healthmate is unable to ascertain at present the full extent of the monetary damages suffered by reason of Defendants aforesaid acts of copyright infringement.

37. Healthmate is further entitled to recover from Defendants the profits Defendants have obtained as a result of its acts of copyright infringement.

38. Healthmate is, alternatively, entitled to recover from Defendants statutory damages in an amount up to $150,000 per work that has been infringed.

## COUNT II – COPYRIGHT INFRINGEMENT REG. NO. VAu 1-145-453

39. Healthmate repeats and incorporates the allegations contained in the preceding paragraphs.

40. Healthmate is the sole owner of all right, title and interest in and to the VAu 1-145-453 Copyrighted Design ("Twelve-Mode Narrow Stimulator").

41. Defendants are not authorized to reproduce, advertise, distribute, sell, exhibit or otherwise use the Twelve-Mode Narrow Stimulator Copyrighted Design.

42. On information and belief, Defendants have copied and prepared derivative works based upon Healthmate's Twelve-Mode Narrow Stimulator Copyrighted Design, and has used the Twelve-Mode Narrow Stimulator Copyrighted Design and/or derivative works in its products.

43. On information and belief, Defendants have sold, offered for sale and/or distributed copies of the Twelve-Mode Narrow Stimulator Copyrighted Design as well as derivative works based upon the Twelve-Mode Narrow Stimulator Copyrighted Design.

44. Defendants' conduct has infringed on Healthmate's rights in the Twelve-Mode Narrow Stimulator Copyrighted Design.

45. Defendants' acts are willful, intentional and wanton acts of infringement.

46. Unless enjoined by order of this Court, Defendants will continue to infringe the Twelve-Mode Narrow Stimulator Copyrighted Design irreparably harming Healthmate. Healthmate is without an adequate remedy at law. Healthmate is entitled to injunctive relief restraining Defendants from engaging in further acts of copyright infringement.

47. By reason of Defendants' aforesaid infringement of the Twelve-Mode Narrow Stimulator Copyrighted Design, Healthmate has sustained and will continue to sustain substantial damages.

48. Healthmate is further entitled to recover from Defendants the damages sustained by Healthmate as a result of Defendants' acts of copyright infringement as herein alleged. Healthmate is unable to ascertain at present the full extent of the monetary damages suffered by reason of Defendants' aforesaid acts of copyright infringement.

49. Healthmate is further entitled to recover from Defendants the profits Defendants have obtained as a result of its acts of copyright infringement.

50. Healthmate is, alternatively, entitled to recover from Defendants statutory damages in an amount up to $150,000 per work that has been infringed.

## **COUNT III – COPYRIGHT INFRINGEMENT REG. NO. VAu 1-145-455**

51. Healthmate repeats and incorporates the allegations contained in the preceding paragraphs.

52. Healthmate is the sole owner of all right, title and interest in and to the VAu1-145-455 Copyrighted Design ("Ten-Mode Stimulator").

53. Defendants are not authorized to reproduce, advertise, distribute, sell, exhibit or otherwise use the Ten-Mode Stimulator Copyrighted Design.

54. On information and belief, Defendants have copied and prepared derivative works based upon Healthmate's Ten-Mode Stimulator Copyrighted Design, and has used the Ten-Mode Stimulator Copyrighted Design and/or derivative works in its products.

55. On information and belief, Defendants have sold, offered for sale and/or distributed copies of the Ten-Mode Stimulator Copyrighted Design as well as derivative works based upon the Ten-Mode Stimulator Copyrighted Design.

56. Defendants' conduct has infringed on Healthmate's rights in the Ten-Mode Stimulator Copyrighted Designs.

57. Defendants' acts are willful, intentional and wanton acts of infringement.

58. Unless enjoined by order of this Court, Defendants will continue to infringe the Ten-Mode Stimulator Copyrighted Design irreparably harming Healthmate. Healthmate is without an adequate remedy at law. Healthmate is entitled to injunctive relief restraining Defendants from engaging in further acts of copyright infringement.

59. By reason of Defendants' aforesaid infringement of the Ten-Mode Stimulator Copyrighted Design, Healthmate has sustained and will continue to sustain substantial damages.

60. Healthmate is further entitled to recover from Defendants the damages sustained by Healthmate as a result of Defendants' acts of copyright infringement as herein alleged. Healthmate is unable to ascertain at present the full extent of the monetary damages suffered by reason of Defendants' aforesaid acts of copyright infringement.

61. Healthmate is further entitled to recover from Defendants the profits Defendants have obtained as a result of its acts of copyright infringement.

62. Healthmate is, alternatively, entitled to recover from Defendants statutory damages in an amount up to $150,000 per work that has been infringed.

## COUNT IV – COPYRIGHT INFRINGEMENT REG. NO. VA 1-942-451

63. Erisonic repeats and incorporates the allegations contained in the preceding paragraphs.

64. Erisonic is the sole owner of all right, title and interest in and to the VA 1-942-451 Copyrighted Designs ("TENS screens").

65. Defendants are not authorized to reproduce, advertise, distribute, sell, exhibit or otherwise use the TENS screens Copyrighted Designs.

66. On information and belief, Defendants have copied and prepared derivative works based upon Erisonic's TENS screens Copyrighted Designs, and has used the TENS screens Copyrighted Designs and/or derivative works in its products.

67. On information and belief, Defendants have sold, offered for sale and/or distributed copies of the TENS screens Copyrighted Designs as well as derivative works based upon the TENS screens Copyrighted Designs.

68. Defendants' conduct has infringed on Erisonic's rights in the TENS screens Copyrighted Designs.

69. Defendants' acts are willful, intentional and wanton acts of infringement.

70. Unless enjoined by order of this Court, Defendants will continue to infringe the TENS screens Copyrighted Designs irreparably harming Erisonic. Erisonic is without an adequate remedy at law. Erisonic is entitled to injunctive relief restraining Defendants from engaging in further acts of copyright infringement.

71. By reason of Defendants' aforesaid infringement of the TENS screens Copyrighted Designs, Erisonic has sustained and will continue to sustain substantial damages.

72. Erisonic is further entitled to recover from Defendants the damages sustained by Erisonic as a result of Defendants' acts of copyright infringement as herein alleged. Erisonic is unable to ascertain at present the full extent of the monetary damages suffered by reason of Defendants' aforesaid acts of copyright infringement.

73. Erisonic is further entitled to recover from Defendants the profits Defendants have obtained as a result of its acts of copyright infringement.

74. Erisonic is, alternatively, entitled to recover from Defendants statutory damages in an amount up to $150,000 per work that has been infringed.

## COUNT V – TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

75. Healthmate repeats and incorporates the allegations contained in the preceding paragraphs.

76. Defendants' distribution, marketing, promotion, offering for sale, and sale of counterfeit goods that bear the Healthmate Trademarks is likely to cause confusion, mistake, or deception as to the source, affiliation, sponsorship, or authenticity of Defendants' goods. As a result of Defendants' unauthorized use of trademarks that are identical to Healthmate's federally registered marks, the public is likely to believe that Defendants' goods have been manufactured, approved by, or are affiliated with Healthmate.

77. Defendants' unauthorized use of the Healthmate Trademarks falsely represents Defendants' website and products as emanating from or being authorized by Healthmate and places beyond Healthmate's control the quality of products bearing the Healthmate Trademark.

78. Defendants' infringement of Healthmate's Trademarks is willful, intended to reap the benefit of the goodwill of Healthmate, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

79. As a result of Defendants' wrongful conduct, Healthmate has suffered, and will continue to suffer, substantial damages. Under 15 U.S.C. § 1117(a) Healthmate is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct.

80. In addition, because Defendants' infringement of Healthmate's Trademarks was willful within the meaning of the Lanham Act, the award of actual damages and profits should

be trebled pursuant to 15 U.S.C. § 1117(b). In the alternative, Healthmate is entitled to statutory damages for each counterfeit mark, under 15 U.S.C. § 1117(c).

81. Healthmate is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a). Healthmate has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Healthmate's Trademarks are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to Healthmate such that Healthmate could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Healthmate, is continuing.

82. Healthmate is also entitled to an order compelling the impounding of all infringing materials being used, offered, marketed, or distributed by Defendants, and to trebled damages, because Defendants' violations consist of the use of counterfeit trademarks pursuant to 15 U.S.C. § 1116(d).

83. Healthmate is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## COUNT VI – UNFAIR COMPETITION (15 U.S.C. § 1125(a))

84. Healthmate repeats and incorporates the allegations contained in the preceding paragraphs.

85. Defendants' distribution, marketing, promotion, offering for sale, and sale of goods bearing the Healthmate Trademarks constitute false designations of origin and false descriptions or representations that Defendants' website and retail products originate from or are authorized by Healthmate, when in fact they are not.

86. As a result of Defendants' unauthorized use of the Healthmate Trademarks the public is likely to be misled and confused as to the source, sponsorship, or affiliation of Defendants' website and retail products.

87. Defendants' conduct is willful, intended to reap the benefit of Healthmate's goodwill, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

88. Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

89. As a result of Defendants' wrongful conduct, Healthmate has suffered and will continue to suffer damages.

90. Healthmate is entitled to injunctive relief and to an order compelling the impounding of all imitation trademarks being used, offered, advertised, marketed, installed, or distributed by Defendants.

91. Healthmate has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Healthmate's Trademarks are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to Healthmate such that Healthmate could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Healthmate, is continuing.

**COUNT VII – COMMON LAW TRADEMARK INFRINGEMENT**

92. Healthmate repeats and incorporates the allegations contained in the preceding paragraphs.

93. Healthmate has common law rights in the Healthmate Trademarks based on its continuous use of the Healthmate Trademarks in the Western District of Missouri in connection with electronic massage devices.

94. Defendants' unauthorized use of Healthmate's Trademarks to promote, advertise, market, and/or sell their counterfeit goods is likely to cause confusion, mistake, and deception of the public as to the identity and origin of Defendants' goods, or as to a connection or affiliation with Healthmate, or permission from Healthmate, that does not exist, causing irreparable harm to Healthmate for which there is no adequate remedy at law. Defendants' conduct thus constitutes common law trademark infringement.

95. Despite their actual and constructive knowledge of Healthmate's ownership and prior use of the Healthmate Trademarks, Defendants have continued to use the Healthmate Trademarks without Healthmate's authorization or consent. Defendants' actions are deliberate and willful and have been done with the intention of trading upon the valuable goodwill built up by Healthmate in their Healthmate Trademarks.

96. Healthmate has sustained injury, damage, and loss based on Defendants' actions.

## COUNT VIII – COMMON LAW UNFAIR COMPETITION

97. Healthmate repeats and incorporates the allegations contained in the preceding paragraphs.

98. Defendants' distribution, marketing, promotion, offering for sale, and sale of goods bearing the Healthmate Trademarks constitute false designations of origin and false descriptions or representations that Defendants' products originate from, or are offered, sponsored, authorized, licensed by, or otherwise somehow connected with Healthmate, when in

-15-
Case 4:15-cv-00789-HFS   Document 1   Filed 10/12/15   Page 15 of 20

fact they are not. As a result of Defendants' conduct, the public is likely to believe that Defendants' goods or services have originated from and/or have been approved by Healthmate.

99. Defendants' unauthorized use of the Healthmate Trademarks falsely represents that Defendants' goods emanate from or are authorized by Healthmate and places beyond Healthmate's control the quality of such products, and the message that is associated with such products.

100. Defendants' conduct is willful, intended to reap the benefit of the goodwill associated with the Healthmate Trademarks, has caused and continues to cause damage and injury to Healthmate, and constitutes common law unfair competition.

## **RELIEF REQUESTED**

WHEREFORE, Healthmate and Erisonic pray for judgment against Defendants as follows:

A. For a preliminary and permanent injunction enjoining Defendants and any associated officers, agents, servants, employees, attorneys, and all persons in active concert or participation with each or any of them, from committing, aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction or distribution of copies or derivatives of Healthmate's and Erisonic's copyrighted works;

B. For all damages to which Healthmate and Erisonic are entitled, including Defendants' profits and Healthmate's lost profits;

C. Alternatively, at Healthmate's and Erisonic's election, for statutory damages in the maximum amount allowed by law;

D. That a preliminary and permanent injunction be issued enjoining Defendants, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

    (1) using the Healthmate Trademarks, or any other trademarks that are confusingly similar to the Healthmate Trademarks, for retail products, or making any other unlawful use of the Healthmate Trademarks or any other trademarks owned by Healthmate;

    (2) using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, imported, distributed, offered for sale, or sold by Defendants is in any manner associated or connected with Healthmate, or is licensed, sponsored, approved, or authorized by Healthmate;

    (3) engaging in any other activity constituting unfair competition with Healthmate, or constituting infringement of the Healthmate Trademarks;

    (4) taking any action, including the unauthorized use of the Healthmate Trademarks, that dilutes the unique association between the Healthmate Trademarks and Healthmate, or that tarnishes the reputation or image of Healthmate;

    (5) disposing of, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account,

receipts or other documentation relating or referring in any manner to any retail services offered in connection with the Healthmate Trademarks, or any mark or designation that is confusingly similar to any of the Healthmate Trademarks;

(6) instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

E. That the Court enter an order pursuant to 15 U.S.C. § 1116(a)(d)(1)(A) impounding all counterfeit and infringing merchandise and materials bearing any of Healthmate's trademarks, including the Healthmate Trademarks.

F. Awarding Plaintiff its actual damages, trebled pursuant to 15 U.S.C. § 1117(a) & (b), arising out of Defendants' acts of willful trademark infringement.

G. Awarding Plaintiff its actual damages, trebled pursuant to 15 U.S.C. § 1116(d), arising out of Defendants' use of counterfeit trademarks.

H. Awarding Plaintiff its actual damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendants' acts of willful unfair competition.

I. Awarding Plaintiff its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a) and (b).

J. Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

K. Directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods offered, advertised, or

promoted by or on behalf of Defendants are authorized by Healthmate or related in any way to Healthmate's products or services.

  L. Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above.

  M. That Defendants be held jointly and severally liable on all counts;

  N. Awarding to Plaintiffs interest, including pre-judgment interest, on the foregoing sums.

  O. For Plaintiffs' attorneys' fees, and full costs and disbursements in this action; and

  P. Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable in this matter.

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiff designates Kansas City, Missouri for place of trial.

Dated: October 12, 2015

Respectfully submitted,

*/s/ James J. Kernell*
James J. Kernell, MO Bar No. 48850
Kyle D. Donnelly, MO Bar No. KS-000879
ERICKSON KERNELL DERUSSEAU
& KLEYPAS, LLC
8900 State Line Road, Suite 500
Leawood, Kansas 66206
Telephone: 913-549-4700
Facsimile: 913-549-4646
Email: jjk@kcpatentlaw.com
       kdd@kcpatentlaw.com

*Attorneys for Plaintiff*
*Healthmate International, LLC*